## SMITH v SMITH

Ohio Appeals, 2nd Dist, Franklin Co

No 2390. Decided April 10, 1934

Michael A. Coughlin, Columbus, for plaintiff in error.

Walter S. Page, Columbus, for defendant in error.

## OPINION

### By HORNBECK, PJ.

The question presented is whether or not the trial court erred in sustaining the demurrer to the petition and entering judgment dismissing it. The question is presented to this court by counsel for plaintiff upon two propositions, namely:

(1) Is it essential to jurisdiction that service be had on the cross-petition of defendant praying for a divorce in an action where the plaintiff had instituted the action and secured service on the defendant?

(2) Has the trial court jurisdiction to enter a decree of divorce upon a cross-petition prior to six weeks after service had upon the plaintiff?

Counsel for defendant insists that the court had jurisdiction and authority to enter and did properly enter the decree of divorce and, in addition to denying the claim of plaintiff on the two propositions heretofore asserted, claims that the plaintiff is estopped to deny the effect of the divorce by reason of delay in filing her petition to vacate the judgment.

At the outset let us say that the position of plaintiff is more favorable than is urged by her counsel. Although the trial court may have had jurisdiction to enter the decree of divorce, yet, upon the averments of the petition that she had no knowledge of the dismissal of her petition, that its dismissal was not authorized or consented to by her, it may have been his obligation to suspend the judgment and permit the reply of the plaintiff to be filed. Authority of an attorney to represent the plaintiff in the prosecution of her case may not have been broad enough to support the dismissal of her cause of action.

We come now to consideration of the two questions principally urged and argued in the briefs of counsel.

(1) We are of opinion that in this case the divorce decree could not have been properly entered on the cross-petition without service of summons or service by publication duly made upon the plaintiff in a particular prescribed by statute. That is to say, granting that the averments of the petition are true, which must be assumed on demurrer, at the time the decree was granted to the defendant the plaintiff had no knowledge that her petition for divorce had been dismissed or that a cross-petition had been filed. The decree was awarded to the defendant and plaintiff was barred

of dower within approximately thirteen days after the filing of the cross-petition and before answer day would have been due under the ordinary form of service of summons.

We do not hold that plaintiff could not submit herself to the jurisdiction of the trial court by filing her petition. We believe that she did. **Black v Black, 110 Oh St, 392.** It is also possible that she could have been put upon such notice of · the claim of the defendant on his cross-petition that she could not be heard to object to a decree of divorce to him. Estoppel is the relinquishment of a known right. The mere fact that she admits receiving a copy of the cross-petition by registered mail without further showing is not sufficient to charge her with knowledge of her rights' respecting the cross-petition. The statute defines the method by which a party can be apprised of the claim of an adverse party against him, i.e., by service by summons or publication. If this method is not adopted, then to bind a plaintiff by other means of notice or appearance, it should clearly develop that she was acquainted with and had knowledge of all her rights. This condition cannot be said to obtain respecting the plaintiff upon the averments of her petition. On the contrary, the probability is that she did not recognize her rights.

In the field of civil procedure, independent of divorce actions, it is the practice and it is required that upon a cross-petition setting up new matter and asking affirmative relief, process shall issue upon the party or parties against whom the relief is sought. It is said in 49 C. J., page 314:

"Where a plaintiff does not appear and prosecute his suit, and defendant pleads for affirmative relief, notice to plaintiff of such pleading is required before judgment may be had thereon."

The gist of the adjudicated cases in civil suits other than divorce, wherein judgments have been set aside because no cross-petition of a defendant was served on the party against whom the judgment was taken, is undue advantage because of failure of notice.

**Wagenlander v Wagenlander, 38 O.C.C.R., 228.** contains a statement by way of dictum as follows:

"It would seem that what the court endeavored to do on the motion was to hold that service of summons on the cross-petition together with a copy of the cross-peti-tion was necessary before the court would have jurisdiction to hear and determine the case on the cross-petition. In this we think it was correct, as the reason for the provision of the statute relating to service in divorce matters on the petition applies with equal force to service on a cross-petition as alike affecting public policy. While the statute relating to service of summons in divorce matters on the petition does not use the term 'cross-petition' the provisions must be held to include service upon a cross-petition and service must be made in like manner, to clothe the court with jurisdiction to hear and determine a matter of divorce and alimony upon cross-petition."

We are cited to **Bargdill v Bargdill, 19 O. N.P. (N.S.) 120,** a well considered case decided by Judge Geiger while on the Common Pleas bench of Clark County. The body of the opinion in this case and the reasoning employed by Judge Geiger supports the contention of the plaintiff here. However, as recognized by counsel, in the Bargdill case the plaintiff had not filed a petition for divorce and the only petition for divorce was on the cross-petition of the defendant, thus more definitely bringing the defendant within the meaning of **11980-11983, GC.**

We are not required to say in this case that upon no situation could the decree have been granted against the plaintiff, but we are definitely of opinion that upon the averments of her petition it should not have been granted without service upon her in a manner prescribed by statute.

Inasmuch as we have held that the demurrer to the petition should not have been sustained, since no service of process had been made upon the plaintiff prior to the entering of a decree of divorce to the defendant, it would not be necessary to pass upon the second proposition urged by the plaintiff. However, in our judgment a court has jurisdiction to grant a decree of divorce to a defendant on a cross-petition, although six full weeks have not elapsed from the date of service of summons on the plaintiff, providing six full weeks have elapsed from the date of service of process on the defendant on the petition of plaintiff for divorce.

The purpose of the statute requiring service of process on the defendant or notice by publication six full weeks before decree can be granted is principally to prevent collusion between the parties and to give time for reconciliation. To accomplish the purpose of the statute courts have

held that upon the action of plaintiff service cannot be waived by the defendant nor can the decree be granted before six weeks after service on the defendant.

Sec 11980, GC, in terms defines where a plaintiff shall bring the action for divorce. §11983, GC, provides:

"When the defendant is a resident of this state, the clerk shall issue a summons, directed to the sheriff of the county in which he or she resides or is found which, together with a copy of the petition shall be served on him or her at least six weeks before hearing of the cause."

This section clearly refers to the cause which is instituted by the plaintiff. §11984, GC, provides for service upon the defendant by publication, and §11985 GC provides:

"The cause may be heard and decided after the expiration of six weeks from the service of summons, or the first publication of notice."

All subject matter which occurs in §§11980 to 11984, GC, inclusive, has reference to the action of the plaintiff, and §11985, GC, like §11983, GC, refers to the cause which was instituted by the filing of the petition by the plaintiff.

Sec 11997, GC,

"When the wife files her petition for divorce or alimony, the husband may file a cross-petition for divorce, upon either cause hereinbefore mentioned. The wife may file her petition for alimony alone, or, if a petition for divorce has been filed by the husband, she may file a cross-petition for alimony, with or without a prayer for the dissolution of the marriage contract."

In this section appears the first mention of the procedure in the event that a cross-petition for divorce is filed. In it there is no reference to the necessity of service in the manner or for the time as provided by §§11983 and 11984, GC, although there is express reference to the causes for divorce which are found in §11979, GC.

Full weight can be given to every word in §11985, GC, if it be held to mean that a decree can be granted to either the plaintiff or the defendant after six weeks from the service of summons or notice by publication to the defendant. The plaintiff, by instituting the action, has submitted to the jurisdiction of the court.

Gaffney v Gaffney, 32 Oh Ap, 32. There is distinction to be made between the facts in the Gaffney case and those in the instant case. There it clearly appears that the issues had been made up between the parties and all pleadings were before the court at the time of the decree on the cross-petition. The wife was the cross-petitioner. There was a hearing upon the issues drawn and the decree was granted to her. Thereafter, she sought to set it aside because it was entered without jurisdictional right. In this case, upon the averments of the petition, the plaintiff's petition was not before the court at the time of the granting of the decree, no issues were drawn between the parties and the withdrawal of the petition was without the knowledge or consent of the plaintiff. Thus, although upon the narrow question of jurisdiction a decree may be granted to a defendant on a cross-petition within a period less than six weeks after the filing thereof, it should not be done upon any circumstance which could, in any wise, be construed as an evasion of the purposes of the divorce statutes.

Upon the averments of the petition in this case we are of opinion that the demurrer to the petition to vacate the judgment should not have been sustained.

The judgment of the trial court will, therefore, be reversed and the cause remanded for further proceedings according to law.

BARNES, J, concurs in judgment.

## ON MOTION FOR REHEARING

### Decided April 30, 1934

By THE COURT

Submitted on application of defendant in error for rehearing.

Two grounds appear in the application:

First: Since this court has not questioned the jurisdiction of the court below but has given it an opportunity to examine certain alleged fraudulent acts of a deceased attorney. I claim, as a protector of the reputation of these deceased attorneys that the mere statement of fraud is a conclusion and will not stand as against the demurrer of this defendant unless the facts constituting the fraud are specifically alleged.

Second: As this case is one involving public welfare and as counsel for plaintiff in error asserted in his oral argument before this court that he was not attempting to set aside the divorce, I think this court should have distinguished between the status of these parties and their partner-

ship holdings or contractual rights, and not set aside a divorce which was satisfactory to the parties. Where there is no love or affection it is futile to try by court order to rekindle it when the only motive as set forth by plaintiff is her desire for property and support. In conclusion I maintain that the petition is still demurrable until it shows specifically the acts of fraud committed in the court below and by whom committed.

Respecting the first ground of the application, this court nor counsel gave no consideration to the petition as being based on fraud. The arguments, briefs and opinion of this court were predicated upon other legal aspects of the pleading. We are satisfied and have held, that the petition does state a cause of action independent of any averment of fraud. It will be presumed in the absence of any proof to the contrary that anything which counsel for plaintiff in error did in the trial court was in good faith and yet it may not be binding upon the plaintiff in error.

The second proposition of the application seems to be based upon the theory that this court had set aside the divorce decree with its incidental barring of the dower of plaintiff in error. Our action did not have such an effect, but merely requires the trial court to permit the plaintiff in error to proceed upon her petition to which the demurrer was in our judgment improperly sustained.

The application of defendant in error for rehearing will, therefore, be denied.

HORNBECK, PJ, and BARNES, J, concur.